IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONTARIOUS BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-178 |
| | ) | |
| WHEELER CORRECTIONAL | ) | |
| FACILITY; M.D. YVONNE NEAU; and | ) | |
| OFFICER MATHIS, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**

_____

Plaintiff, incarcerated at Wheeler Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. <u>Phillips v. Mashburn</u>, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); <u>Al-Amin v. Donald</u>, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE COMPLAINT**

A.    **BACKGROUND**

Plaintiff names the following defendants: (1) Wheeler Correctional Facility; (2) M.D. Yvonne Neau; and (3) Officer Mathis. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

At Wheeler Correctional Facility on March 16, 2022, Plaintiff was released back into general population after leg surgery. (<u>Id.</u> at 12.) Plaintiff did not want to return to general

population because his leg was still broken in multiple places.  (Id.)  Plaintiff informed an unnamed nurse of his concerns, but the nurse dismissed Plaintiff to answer a phone call.  (Id.)  To avoid a write-up, Plaintiff voluntarily returned to Dorm 700-Z.  (Id.)  Plaintiff has a new bottom bunk profile, but he was forced to use the top bunk because no staff members provided Plaintiff with documentation on his new profile.  (Id.)

At an unclear point in time, Plaintiff was attacked in Dorm 700-Z by multiple unnamed assailants after an unnamed prison officer propped open his cell door.  (Id. at 13.)  During the attack, Plaintiff was stabbed fifteen times in his head, back, neck, arm, shoulder, and stomach.  (Id. at 14.)  Metal pieces of the weapon used to stab Plaintiff remained protruded into his stomach. (Id.)  Despite his visible injuries, an unnamed nurse informed Plaintiff there was nothing wrong with him.  (Id.)  Medical staff proceeded to bandage Plaintiff's wounds without a thorough examination and simply placed a bandage over the metal protruding into Plaintiff's stomach.  (Id.) Plaintiff had to inform medical staff of the metal, or they would not have seen it.  (Id.)  Plaintiff's mental health has suffered due to trauma stemming from his attack.  (Id. at 15.)  Specifically, Plaintiff suffers from sleep deprivation, constant fear, cold sweats, flashbacks of the attack, and claustrophobia.  (Id.)  Plaintiff did not suffer these symptoms prior to his attack.  (Id.)

Plaintiff seeks a million dollars per injury sustained for deliberate indifference to his medical needs and personal safety.  (Id. at 15, 16.)  Plaintiff filed multiple grievances regarding these events.  (See id. at 16-20.)

## B.    DISCUSSION

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

2

who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  However,

this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow
v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.      Pleading Deficiencies in Plaintiff's Complaint

Here, because of pleading deficiencies, the Court cannot determine whether Plaintiff has
any viable claims.  Plaintiff does not name Defendants Neau or Mathis in his statement of claim,
listing them only on the page of the form complaint reserved for listing Defendants.  (See doc.
no. 1, pp. 2, 12-20.)    Plaintiff therefore does not connect Defendants with a purported
constitutional violation.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case
allegation of violation of right secured by Constitution or laws of United States by person acting
under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we
do not require technical niceties in pleading, we must demand that the complaint state with some
minimal particularity how overt acts of the defendant caused a legal wrong.").  In order for the
Court to determine whether Plaintiff has stated a claim, Plaintiff must provide the Court a
detailed narrative of his claims that specifically describes Defendants Neau and Mathis'
alleged words and actions towards Plaintiff.

Plaintiff is also cautioned Wheeler Correctional Facility is not a proper party to a § 1983
suit because jails and prisons are not legal entities subject to liability in § 1983 claims.  See
Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec.
19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being
sued"), adopted by 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-
047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are
generally not considered legal entities subject to suit").

## II.     LEAVE TO AMEND COMPLAINT

The Court recognizes that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by submitting an amended complaint. See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019) (explaining *pro se* plaintiff must be given one chance to amend to cure pleading deficiencies prior to dismissal). Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.  The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order.  The statement of claim must not exceed six handwritten pages attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order.  The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must

contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address.  Failure to do so will result in dismissal of this case.

SO ORDERED this 1st day of March, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA