IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONTARIOUS BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-178 |
| | ) | |
| WHEELER CORRECTIONAL FACILITY; | ) | |
| CORECIVICS; M.D. YVONNE NEAU; | ) | |
| and OFFICER MATHIS, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at Wheeler Correctional Facility, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.  Because Plaintiff is proceeding IFP, his amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.      SCREENING THE AMENDED COMPLAINT

### A.      BACKGROUND

 Plaintiff names the following defendants: (1) CoreCivic; (2) Dr. Yvonne Neau, M.D.; and (3) Officer Mathis.  (Doc. no. 1, pp. 1-2.)  Plaintiff additionally named as Defendant (4) Wheeler Correctional Facility in the caption of his original complaint.  (See doc. no. 1, p. 1.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

In a statement of claim containing no dates, Plaintiff alleges Defendant Neau discharged Plaintiff into general prison population while Plaintiff was still recovering from a broken femur. (Doc. no. 1, p. 5.)  Plaintiff informed Defendant Neau of his health concerns, but she discharged Plaintiff regardless.  (Id.)  Upon arrival at Dorm 700-Z, Plaintiff was forced to use the top bunk because no staff members provided Plaintiff with a bottom bunk profile.  (Id.)

At some point after, Plaintiff was attacked in Dorm 700-Z when other inmates rushed through a door "popped" open by Ms. Conie.  (Id.)  An unnamed assailant stabbed Plaintiff fifteen times.  (Id.)  Plaintiff walked himself to medical but was "treated unproperly."  (Id.)  Defendant Mathis escorted Plaintiff back to his dorm, threatening a disciplinary report if Plaintiff did not go with him.  (Id.)  Plaintiff cooperated with Defendant Mathis to avoid a disciplinary report despite fear for his life; however, inmates in the dorm "didn't let [Plaintiff] back in" the dorm.  (Id.)  Defendant Mathis instead brought Plaintiff to the hole.  (Id.)

### B.   DISCUSSION

#### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants CoreCivic and Wheeler Correctional Facility

Plaintiff does not name Defendants CoreCivic or Wheeler Correctional Facility in his statement of claim, listing them only on the sections of the form complaint reserved for listing

Defendants.  (See doc. no. 8, pp. 1, 5; doc. no. 1, p. 1.)  Plaintiff therefore does not connect Defendants with a purported constitutional violation, and they should be dismissed.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Regardless, Defendant Wheeler Correctional Facility is not a proper party, as jails and prisons are not legal entities subject to liability in § 1983 claims.   See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), adopted by 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); see also Brannon v. Thomas Cnty. Jail, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law).

Further, to the extent Plaintiff intended to name CoreCivic solely as the operator of Wheeler Correctional Facility, a Defendant cannot be held liable merely in light of its supervisory position as an employer and administrator of a state prison.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (per curiam).  Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of respondeat superior.  See

Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory); see also Vick v. CoreCivic, 329 F. Supp. 3d 426, 445 (M.D. Tenn. 2018) (finding CoreCivic is a state actor under § 1983, but "[to] hold CoreCivic liable, the Plaintiff cannot rely on the theory of respondeat superior or vicarious liability.").

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). "Therefore, to hold an employer such as CoreCivic liable, Plaintiff must demonstrate that either CoreCivic actually participated in the alleged constitutional violation or there is a causal connection between the actions of CoreCivic and the alleged constitutional violation." Anderson v. Hall, No. 5:19-CV-6, 2020 WL 2896682, at *3 (S.D. Ga. May 29, 2020), *adopted by* 2020 WL 3406329 (S.D. Ga. June 19, 2020). Plaintiff fails to even mention Defendant CoreCivic in his statement of claim, and if anything, only implies liability based on CoreCivic's role at Wheeler Correctional Facility.

Therefore, Plaintiff must allege a causal connection between Defendant CoreCivic and the asserted constitutional violations in order to hold it liable. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation); see also Ireland v. Prummell, No. 20-10539, 2022 WL 16912130, at *5 (11th Cir. Nov. 14, 2022) (explaining while private contractors at jails may be liable under § 1983, liability may not be premised on *respondeat superior*); Curtis v. CoreCivic, Inc., No. CV 321-015, 2021 WL 4227065, at *3 (S.D. Ga. Sept. 16, 2021) ("[A] §

1983 plaintiff must also identify the private entity's policy or custom that led to the alleged constitutional violation.").

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread civil rights abuses by Defendant CoreCivic at Wheeler Correctional Facility, (2) an improper custom or policy put in place by Defendant CoreCivic, or (3) an inference Defendant CoreCivic directed the other Defendants to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff fails to state Defendant CoreCivic has any role in his claims.

Therefore, Defendants CoreCivic and Wheeler Correctional Facility should be dismissed from this case for failure to state a claim.

### 3.      Plaintiff Fails to State a Claim Against Defendant Mathis

A prison official may violate an inmate's Eight Amendment right by acting with deliberate indifference to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted).  Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates.  Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).  When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured.  It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."  Gullatte, 654 F.2d at 1012.  "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations

omitted).  These three elements are evaluated in part by an objective standard and in part by a

subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir.

2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components:  one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983

liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be

based on simple negligence or lack of due care, but rather requires some sort of conscious

disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag,

61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere

negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence

or error in good faith.").

Plaintiff states Defendant Mathis attempted to return him to Dorm 700-Z after Plaintiff

received medical care for stab wounds received in that dorm.  Because other inmates "didn't

let [Plaintiff] back in," Defendant Mathis took Plaintiff to the hole instead.  Plaintiff does not

attribute the initial assault in Dorm 700-Z to Defendant Mathis.  See West v. Atkins, 487 U.S.

42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution

or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d

1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Nor does Plaintiff describe what risk Defendant Mathis placed him in by attempting to return him to the dorm, which he ultimately did not do.  Plaintiff neither shows a risk of serious harm let alone any awareness of a risk by Defendant Mathis. Accordingly, Defendants Mathis should be dismissed.

### 4.    Plaintiff Fails to State a Claim Against Defendant Neau

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege:  (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence.  Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to

the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d

1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)

(Bowen, J.)).  As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."   Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).   Thus, mere allegations of negligence or

malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-

72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth

Amendment liability); Harris, 941 F.2d at 1505.

Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion

between an inmate and prison medical officials over a diagnosis or course of treatment does

not support a claim of deliberate indifference.  Smith v. Fla. Dep't of Corr., 375 F. App'x 905,

910 (11th Cir. 2010).   Furthermore, the Court should not second-guess medical judgments.

Wallace v. Sheriff, 518 F. App'x 621, 622-23 (11th Cir. 2013); Smith, 375 F. App'x at 910

("[W]hether governmental actors should have employed additional diagnostic techniques or

forms of treatment is a classic example of a matter for medical judgment and therefore not an

appropriate basis for grounding liability under the Eighth Amendment.").

Plaintiff fails to state a claim against Defendant Neau for deliberate indifference to a

serious medical need.  First, Plaintiff claims Defendant Neau discharged him to general prison

population too soon after his leg injury.  However, Plaintiff's dispute with Defendant Neau is

simply a dispute over medical judgment, which, as explained, courts have consistently found does not constitute deliberate indifference.  Plaintiff concedes he received treatment for his broken leg and only quibbles with the physician's professional opinion concerning his ability to rejoin the general population.  While he also complaints about the absence of a bottom bunk profile, he never blames Defendant Neau for this, and, even if he had, the claim would also fail for the same reasons.  Plaintiff fails to state a claim.

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of April, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA